# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

**Phillip Dean Ley Jr.,**
 Plaintiff,

v.

**Mary Sheffield, in her individual and official capacities as Detroit City Council President and candidate for Mayor,**
 Defendant.

Civil Action No. _____
 Hon. _____

Case: 2:25−cv−12929
Assigned To : Grey, Jonathan J.C.
Referral Judge: Grand, David R.
Assign. Date : 9/15/2025
Description: CMP PHILLIP DEAN
LEYJR V MARY SHEFFIELD (SS)

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

## I. Jurisdiction and Venue

1. This action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391(b), as the events giving rise to these claims occurred in Detroit, Michigan.

## II. Parties

4. Plaintiff, Phillip Dean Ley Jr. ("Plaintiff"), is a resident and constituent of Detroit, Michigan.

5. Defendant, Mary Sheffield ("Defendant"), is the sitting President of the Detroit City Council and an announced candidate for Mayor of Detroit. She acted under color of state law when engaging in the conduct alleged herein.

## III. Statement of Facts

6. Plaintiff posted comments and questions on Defendant's publicly accessible social media page regarding matters of public concern, including her role as Council President and her mayoral candidacy.

7. Defendant uses her social media page not solely for campaign purposes, but also to communicate official city business, policy updates, and constituent information.

8. Rather than respond, Defendant deleted Plaintiff's comments and subsequently blocked Plaintiff entirely from participation.

9. Attached hereto as Exhibits A–J are screenshots documenting Plaintiff's deleted posts, evidence of blocking, and the official nature of Defendant's social media use.

10. Defendant's conduct constitutes impermissible viewpoint discrimination in violation of the First Amendment.

## IV. Precedent

11. In *Knight First Amendment Institute v. Trump*, 928 F.3d 226 (2d Cir. 2019), the Second Circuit held that President Trump's blocking of Twitter critics constituted unconstitutional viewpoint discrimination. Although damages were not requested, declaratory and injunctive relief were granted.

12. In *Lindke v. Freed*, 601 U.S. ___ (2024), the Supreme Court announced the controlling test:

    "A public official who prevents someone from commenting on the official's social-media page engages in state action under §1983 only if the official both (1) possessed actual authority to speak on the State's behalf on a particular matter, and (2) purported to exercise that authority when speaking in the relevant social-media posts."

13. In *O'Connor-Ratcliff v. Garnier*, 601 U.S. ___ (2024), the Court vacated the Ninth Circuit's approval of school trustees' deletion of constituent comments, reaffirming that when officials use social media for public business, blocking constitutes unconstitutional state action.

14. In *Davison v. Randall*, 912 F.3d 666 (4th Cir. 2019), a county board chair was held personally liable under §1983 for blocking a constituent from her official Facebook page; damages and fees were awarded.

15. In *Robinson v. Hunt County, Texas*, 921 F.3d 440 (5th Cir. 2020), the Sheriff's Office was found to have created a public forum by allowing comments on its Facebook page. The deletion of critical comments was unconstitutional, and the court held damages were available under §1983.

## V. Cause of Action

**Count 1 – Violation of the First Amendment (42 U.S.C. § 1983)**

16. Plaintiff repeats and realleges the above paragraphs.

17. Defendant, acting under color of state law, deprived Plaintiff of rights secured by the First Amendment by deleting and blocking speech on a page used for official communications.

18. Plaintiff has suffered irreparable harm, including suppression of political speech and denial of participation in a public forum.

## VI. Damages and Relief

19. Plaintiff demands compensatory damages of **$1,000,000.00** for the violation of constitutional rights.

20. Plaintiff seeks injunctive relief ordering Defendant to:
    a. Restore access to the page;
    b. Refrain from further blocking or deleting comments based on viewpoint;
    c. Disclose moderation practices to the Court.

21. Plaintiff seeks costs and fees of this action.

22. Plaintiff further requests that filing fees and costs be assessed against Defendant pursuant to 28 U.S.C. § 1915, as Plaintiff is indigent.

---

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant, awarding:

- $1,000,000 in compensatory damages;

- Injunctive relief as set forth above;

- Costs, attorney's fees, and court fees charged to Defendant;

- Any further relief this Court deems just and proper.

---

Respectfully submitted,

**Phillip Dean Ley Jr.**
19966 Lahser Rd
Detroit, MI
Tel: 757-528-6321
Email: phill@help4.us

Dated: September 15, 2025



